UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD ROOSEVELT WHITTINGTON,

                Petitioner,

     v.

MARGARET GILBERT,

                Respondent.

Case No. C16-1777-RAJ-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Edward Whittington is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington.  He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2004 judgment and sentence of the King County Superior Court.  This Court's records reflect that petitioner previously filed a federal habeas action, challenging the same judgment, in which petitioner's constitutional claims were addressed and rejected on the merits.  The instant petition is therefore a second or successive petition which must be transferred to the Ninth Circuit.

REPORT AND RECOMMENDATION - 1

DISCUSSION

In December 2004, petitioner was convicted on two counts of first-degree rape following a jury trial in King County Superior Court. *See Whittington v. Miller-Stout*, Cause No. C12-269-TSZ, Dkt. 18-1, at 2. In January 2008, the Washington Court of Appeals, on direct appeal, vacated the second count because it was a violation of double jeopardy to enter two convictions for a single crime. *Id.*, Dkt. 18-3, at 84. The appellate court also directed the trial court to modify the judgment and sentence to strike any conditions of community custody relating to children because the rape victim was a 49 year-old woman. *Id.*, Dkt. 18-3, at 89. The Washington Supreme Court subsequently denied petitioner's petition for review and, on November 5, 2008, the Washington Court of Appeals issued its mandate instructing the trial court to conduct further proceedings consistent with the January 2008 appellate decision. *Id.*, Dkt. 18-3, at 139 and Dkt. 18-4, at 2.

Petitioner thereafter filed three unsuccessful personal restraint petitions in the state courts challenging the judgment and sentence at issue here. *See id.*, Dkt. 18-4. Although the Washington Court of Appeals vacated the second rape count and ordered modifications to the conditions of community custody in its January 2008 decision, and the mandate issued in that case in November 2008, the King County Superior Court did not enter agreed orders amending the judgment and sentence until April 27, 2012. *Id.*, Dkt. 18-4, at 145, 147, 149–50.

Petitioner submitted his first federal habeas petition to this Court for filing in February 2012. *Id.,* Dkt. 1. The Court dismissed petitioner's first petition as time-barred. *See id.*, Dkts. 20 and 24. However, the Court also addressed the merits of petitioner's constitutional claims in the context of considering whether a certificate of appealability should issue in that case. *See id*, Dkts. 24, 25 and 26. The Court ultimately concluded that a certificate of appealability should be

REPORT AND RECOMMENDATION - 2

denied because petitioner could not make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). *Id.*, Dkts. 25 and 26. On March 18, 2013, the Ninth Circuit Court of Appeals denied Mr. Whittington's request for a certificate of appealability. *Id.*, Dkt. 31.

On April 27, 2015, petitioner filed a second federal habeas petition challenging his 2004 King County convictions. *See Whittington v. Holbrook*, C15-652-RAJ. The following day, the Honorable Brian S. Tsuchida, United States Magistrate Judge, issued a Report and Recommendation recommending that that petition be transferred to the Ninth Circuit as a second or successive petition. *Id.*, Dkt. 4. However, petitioner subsequently moved to withdraw his petition and that motion was granted, rendering Judge Tsuchida's Report and Recommendation moot. *Id.*, Dkts. 5, 6.

The instant petition was received for filing on November 16, 2016. Dkt. 1. Petitioner asserts in his petition that his due process rights were violated by the failure of the trial court to *sua sponte* give lesser included offense instructions, and by the failure of defense counsel to request such instructions. Because the Court dismissed petitioner's first federal habeas petition after addressing and rejecting petitioner's federal constitutional claims on the merits, the instant petition must be deemed successive. *See* 28 U.S.C. §2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the instant petition.

REPORT AND RECOMMENDATION - 3

CONCLUSION

Based on the foregoing, this Court recommends that petitioner's third federal habeas petition be referred to the Ninth Circuit in accordance with Ninth Circuit Rule 22-3, and that the file in this Court be administratively closed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 12, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 16, 2016.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 21st day of November, 2016.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4